UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY GREENWELL, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-2566 CAS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant Jeffrey Greenwell's following motions: (1) motion for leave to amend his pending Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255; (2) motion for issuance of a subpoena; (3) motion to compel; and (4) motion for an extension of time to file a reply brief. The government has not responded to these motions, and the time for doing so has passed. The government has already filed a substantive response to Mr. Greenwell's pending § 2255 motion, however.

## Discussion

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Newton v. Kemna, 354 F.3d 776, 783 (8th Cir. 2004) (citing Bracy v. Gramley, 520 U.S. 899, 994 (1997)). Rule 6(a) of the Rules Governing Section 2255 Cases in the United States District Courts states that "[a] judge may, for good cause authorize a party to conduct discovery under the Federal Rules of . . . Civil Procedure." Rule 6(a). A party requesting discovery must file a motion seeking leave to conduct discovery, which includes the reasons for the request; attach a copy of the proposed discovery requests; and specify any requested documents. Rule 6(b).

Movant has not filed a motion seeking leave of court to conduct discovery.  Rather, he seeks from his former counsel copies of "all discovery materials pertaining to [his underlying criminal case]" and "all transcripts of pretrial, change of plea, and sentencing hearings."  To this end, he has filed a subpoena directed to his former counsel (Doc. 4), and a motion to compel his former counsel to produce documents (Doc. 5).  Movant has not specified the underlying "discovery materials" he seeks as required by Rule 6(b).  Nor has he shown good cause why these underlying materials are necessary for this § 2255 proceeding as required by Rule 6(a).  For these reasons, to the extent movant's motion to issue subpoena and motion to compel seek discovery materials from his underlying criminal case, the Court will deny the motions.

Pursuant to 28 U.S.C. § 753(f), if a movant files a motion for transcripts in a § 2255 proceeding, he must specify the claim or claims in the § 2255 motion to which each requested transcript relates, and why the transcripts are necessary to decide the issues presented by that claim or claims, so the Court can determine whether transcripts should be provided.  See 28 U.S.C. § 753(f).  Movant must also include a certificate of service on any motion for transcripts filed in the § 2255 action, which indicates that a copy of the motion was sent to the government's attorney of record.  See Rules 5(a), 5(d), Federal Rules of Civil Procedure.

In this case, movant states that he needs the transcripts "to validate and complete his 2255 motion" and to rebut the government's response.  Mot. for Leave to Amend at 2; Mot. for Extension at 2-3.  Movant raises four separate grounds for relief in his § 2255 motion.  The instant motion fails to identify which claim or claims in the § 2255 motion the transcript requests relate to, and how the transcripts are needed to decide the issues presented.  As a result, the Court is unable to determine whether the transcripts should be provided under 28 U.S.C. § 753(f).  To the extent movant's motion

for issuance of a subpoena and motion to compel seek transcripts, the motions will be denied without prejudice.

In his motion requesting leave to amend his motion to vacate under 28 U.S.C. § 2255, movant states that because he has not received his underlying discovery and his requested transcripts, he cannot "validate and complete" his currently pending § 2255 motion. Mot. for Leave to Amend at 2. Again, movant has not specified which claim or claims in this § 2255 motion the transcript requests relate to and how they are needed to decide the issues presented. Movant's motion for leave to amend will be denied.

Finally, movant has requested additional time in which to file his reply brief in support of his motion to vacate under 28 U.S.C. § 2255. The Court will grant this motion. Movant shall file his reply brief within sixty days of the date of this Memorandum and Order. If movant does not file a reply brief within sixty days, the Court will consider the motion on the current record.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for issuance of a subpoena and motion to compel are **DENIED in part** and **DENIED without prejudice in part**. [Docs. 4 and 5] The motions are denied to the extent they seek discovery materials pertaining to movant's underlying criminal case, and denied without prejudice to the extent they seek transcripts of movant's change of plea hearing and sentencing hearing.

**IT IS FURTHER ORDERED** that the movant's motion for leave to amend his motion to vacate under 28 U.S.C. § 2255 is **DENIED**. [Doc. 3]

**IT IS FURTHER ORDERED** that movant's motion for an extension of time to file a reply brief in support of his motion to vacate under 28 U.S.C. § 2255 is **GRANTED**. [Doc. 8]

**IT IS FURTHER ORDERED** that movant shall have sixty (60) days from the date of this Memorandum and Order to file his reply brief in support of his motion to vacate under 28 U.S.C. § 2255.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 20th day of March, 2014.