UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY GREENWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:13-CV-2566 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Jeffrey Greenwell's pro se Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 ("Motion to Vacate"). The government has filed a response, and Petitioner has replied. The matter is fully briefed and ready for consideration. For the following reasons, the Motion to Vacate will be dismissed.

**Procedural History**

On December 3, 2009, Petitioner was indicted on one count of Production of Child Pornography. See United States v. Greenwell, No. 4:09-CR-757 CAS (E.D. Mo.). Assistant Public Defender Nanci McCarthy was initially appointed to represent Petitioner, and on December 14, 2009, Assistant Public Defender Brian Witherspoon was substituted as counsel. On January 21, 2010, a superseding indictment was returned charging Petitioner with three counts of Production of Child Pornography. On June 23, 2010, Mr. Witherspoon's motion to withdraw was granted, and Ms. JoAnn Trog was appointed that same day to represent Petitioner.

On February 3, 2011, a second superseding indictment was returned charging Petitioner with five counts of Production of Child Pornography under 18 U.S.C. § 2251(a). On June 22, 2011, Petitioner pleaded guilty to all five counts of violating § 2251(a), and on October 5, 2011 he was

sentenced to a total term of 1200 months imprisonment. That term consisted of 240 months on each of counts one through five, all terms to be served consecutively.[1] Petitioner was also sentenced to a lifetime of supervised release.

On October 18, 2011, Petitioner filed a Notice of Appeal, contending that the district court procedurally erred by not properly considering the factors set out in 18 U.S.C. § 3553(a), and by giving significant weight to the United States Sentencing Guidelines and the statutory mandatory minimums for child pornography offenses which were unduly harsh, not based on empirical evidence, and duplicative. On August 8, 2012, the Court of Appeals affirmed Petitioner's convictions and sentences. United States v. Greenwell, 483 F. App'x. 305 (8th Cir. 2012). On December 26, 2012, Petitioner filed a petition for writ of certiorari with the Supreme Court, which was denied on January 16, 2013. Greenwell v. United States, 133 S. Ct. 967 (Mem) (2013). On December 23, 2013, Petitioner timely filed the instant Motion to Vacate.

**Grounds for Relief**

In the instant Motion to Vacate, Petitioner raises four grounds for relief, all of which allege ineffective assistance of counsel. Petitioner asserts that counsel was ineffective for:

1. Failing to challenge the jurisdiction of the Court;

2. Allowing Petitioner to sign a non-binding plea agreement;

3. Requesting a competency evaluation and withdrawing from Petitioner's case; and

---

[1]Petitioner's sentences were below his advisory guidelines sentencing range. He had a total offense level of 48 and a criminal history category of I. While this normally translates to a guidelines range of life imprisonment, each of Petitioner's offenses was subject to a statutory maximum of thirty years. 18 U.S.C. § 2251(e). Petitioner's guidelines range was therefore calculated as the statutory maximum of thirty years on each count, resulting in an advisory guidelines range of 150 years imprisonment. See U.S.S.G. § 5G1.2(d).

4.  Allowing Petitioner to be coerced by the "District Attorney"[2] to plead guilty.

Motion to Vacate at 4-8.

**Background**

During his Change of Plea hearing held on June 22, 2011, Petitioner was placed under oath, and stated that he understood he was subject to the penalties of perjury if he failed to answer truthfully. The Court and Petitioner then had the following exchange:

> THE COURT: Mr. Greenwell, is it correct what your attorney, Ms. Trog, said, that you wish to enter a guilty plea in this matter, that you've gone over the Plea Agreement that's been sent to you by [the prosecuting attorney]?
>
> PETITIONER: Yes, Your Honor.
>
> THE COURT: Very well. I need to ask you a few questions to make sure that your plea is voluntary and knowing, that is, you are doing this of your own free will and you understand what you're doing.

United States v. Greenwell, 4:09-CR-757 CAS, Doc. 160 ("H. Tr.") at 2-3.

In response to questioning from the Court, Petitioner testified that he was thirty-nine years old, had completed the twelfth grade, was not under the influence of any drugs, alcohol or medication, and was not suffering from any mental disease or defect. Id. at 3.

The prosecuting attorney then stated that the range of punishment on each count was from 15 to 30 years imprisonment, plus an additional fine, special assessment, and up to a lifetime term of supervised release. Id. The government then stated: "Your Honor, as far as the sentences, the 15 to 30 year sentence on each count, those can be run concurrently; that is, together, or consecutively,

---

[2]Although Petitioner uses the title "District Attorney," it is clear he is referring to the prosecuting attorney in his case. The Court will therefore use the title "prosecuting attorney" instead of "District Attorney."

on top of each other." Id. at 3-4. In response to questioning from the Court, Petitioner stated that he understood. H. Tr. at 4.

The prosecuting attorney then presented the government's evidence that it could prove beyond a reasonable doubt had the matter gone to trial, and specifically:

> In August of 2009, the U.S. Department of Justice received information that an individual with the nickname "Muddyfeet" was molesting children and had produced child pornography. Images of a minor male in the lascivious display of his genitals were sent by "Muddyfeet" to a cooperating individual. Internet service provider records found that the IP address for "Muddyfeet" resolved to the account of the defendant in Sullivan, Missouri.
>
> Investigators subsequently identified the minor male in the photographs as B.E., a boy under the age of 12. B.E. was interviewed and stated the defendant had taken photographs of B.E.'s nude penis.
>
> On October 23rd, 2009, a valid Franklin County Circuit Court search warrant was executed at the defendant's residence in Sullivan in the Eastern District of Missouri. Two computers, hard drives, a Nikon digital camera, a Sony Handycam camera, and a Casio digital camera and numerous CDs, DVDs were seized among other items.
>
> The next day the defendant's landlord found another Casio camera wrapped in clothing in defendant's dresser. He gave that camera to the Franklin County Sheriff's Department. Two subsequent valid Franklin County Circuit Court search warrants were issued to examine the seized material.
>
> The defendant was arrested, advised of his Miranda rights, and waived his rights. He told the investigators that he had taken photographs of B.E.'s nude penis and had touched B.E.'s nude penis with his hand. The defendant babysat for B.E. He stated that he had encrypted his hard drives. He stated that he had made "Scooby Doo" introductions to several child pornography videos that he had received from other individuals. Those individuals had produced the child pornography videos.
>
> He stated he preferred boys between the ages of eight and 12. He stated that he was the monitor of the IRC trading channel for the Undernet channel known as "aLL bois." He stated that he used the screen name of "Muddyfeet" and traded child pornography with others.
>
> The defendant told investigators that he had taken photographs of the nude penis of another minor male, K.A., with his Casio camera. The embedded data on the child

pornography images of B.E. showed that they were taken with a Casio brand digital camera. Between January 1st, 2007 and October 23rd, 2009, at defendant's residence in the Eastern District of Missouri, the defendant used B.E. to engage in sexually explicit conduct; that is, the lascivious exhibition of B.E.'s genitals and defendant performing oral sex on B.E. And defendant took photographs of such sexually explicit conduct with defendant's Casio brand digital camera. That Casio brand camera was manufactured outside Missouri and therefore traveled in interstate commerce to reach Missouri.

A forensic examination of defendant's Gateway computer found that it contained images of defendant masturbating and performing oral sex on S.J., a boy under the age of 12. The computer also contained images of defendant masturbating K.A., defendant performing oral sex on K.A., and K.A. performing oral sex on defendant. Some of those images depicted K.A. when he was less than 12 years old. The computer also contained images of B.K., a minor male, in the lascivious display of his genitals.

The computer also contained images of defendant masturbating K.S. and performing oral sex on K.S., a minor male under the age of eight.

Defendant took those photographs with his Casio brand digital cameras, his Nikon camera, and his Sony Handycam camera. S.J., K.A., B.K., and K.S. were in defendant's care at the time the photographs were taken.

Between January 1st, 2007 and October 23rd, 2009, at defendant's residence in the Eastern District of Missouri, the defendant used S.J. to engage in sexually explicit conduct; that is, the defendant masturbating S.J. and defendant performing oral sex on S.J. And the defendant took photographs of such sexually explicit conduct with defendant's Nikon, Casio, or Sony Handycam cameras.

Between January 1st, 2003 and October 23rd, 2009, at defendant's residence in the Eastern District of Missouri, the defendant used K.A. to engage in sexually explicit conduct; that is, the defendant masturbating K.A., the defendant performing oral sex on K.A., and K.A. performing oral sex on the defendant. And defendant took photographs of such sexually explicit conduct with defendant's Casio brand digital camera and his Sony Handycam.

Between January 1st, 2008 and October 23rd, 2009, at defendant's residence in the Eastern District of Missouri, the defendant used B.K. to engage in sexually explicit conduct; that is, the lascivious exhibition of B.K.'s genitals. And defendant took photographs of such sexually explicit conduct with his Nikon, Casio, or Sony Handycam cameras.

Between January 1st, 2008 and October 23rd, 2008, at defendant's residence in the Eastern District of Missouri, the defendant used K.S. to engage in sexually explicit conduct; that is, the lascivious exhibition of K.S.'s genitals, the defendant masturbating K.S., and defendant performing oral sex on K.S. And defendant took photographs of such sexually explicit conduct with his Nikon, Casio, or Sony Handycam cameras.

The Nikon, Casio, and Sony cameras were manufactured outside the United States and therefore traveled in foreign and interstate commerce.

H. Tr. at 4-8.

The Court and Petitioner then had the following exchange:

THE COURT: Okay. Is that what happened, Mr. Greenwell?

PETITIONER: Yes, Your Honor.

THE COURT: Very well. Now, you understand you don't have to plead guilty if you don't wish to do so, you could have a trial by jury. You could require the government, Ms. Costantin or one of the other Assistant United States Attorneys, to prove your guilt beyond a reasonable doubt to 12 citizens making up a jury. They would have to do that by bringing evidence into open court. And you would have the right to an attorney, Ms. Trog or whoever else, throughout any such trial as well as after. Your attorney could cross-examine the government witnesses, examine all the evidence, could through the power of subpoena require witnesses to come to court to testify on your behalf. You could testify for yourself if you wished to do so, but you could not be required to testify. And if you chose not to testify, the government could make no comment about your decision. Also, you would be presumed innocent throughout any such trial. However, when you enter a guilty plea, there's no trial whatsoever, you just enter your guilty plea, and we proceed on toward sentencing at a later date. Now, do you understand this?

PETITIONER: Yes, Your Honor.

THE COURT: Very well. Counsel, have there been any threats or promises made to Mr. Greenwell to get him to plead guilty?

GOVERNMENT: No, Your Honor.

MS. TROG: No, Your Honor.

> THE COURT: Mr. Greenwell, how about that, any threats or promises made to get you to plead guilty?
>
> PETITIONER: No, Your Honor.
>
> THE COURT: Very well. Mr. Greenwell, are you pleading guilty because you are in fact guilty, you did commit these offenses?
>
> PETITIONER: Yes, Your Honor.
>
> THE COURT: How do you plead?
>
> PETITIONER: I plead guilty.
>
> THE COURT: The Court will accept your plea, find you guilty beyond a reasonable doubt.

Id. at 8-11.

**Legal Standards**

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the petitioner complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

In Grounds One through Four, Petitioner makes claims of ineffective assistance of counsel. The Supreme Court has established a two-pronged test that an ineffective assistance of counsel claim must satisfy. "First, the defendant must show that counsel's performance was deficient. This

requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). The deficient performance prong is satisfied if it is shown that counsel's performance "fell outside the wide range of professionally competent assistance." McReynolds v. Kemna, 208 F.3d 721, 723 (8th Cir. 2000) (internal quotations and citations omitted).

"Second, the defendant must show that the deficient performance prejudiced the defense" which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. The prejudice prong is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. The court may address the two prongs in any order, and if the petitioner fails to make a sufficient showing of one prong, the court need not address the other. Strickland, 466 U.S. at 697; Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000). "To establish ineffective assistance of counsel within the context of section 2255, . . . a movant faces a heavy burden." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

"A § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

**Discussion**

    1.    **Ground One - Ineffective Assistance of Counsel - Failure to Challenge Court's Jurisdiction**

In Ground One, Petitioner claims that counsel was ineffective for failing to challenge the jurisdiction of the Court. In support, Petitioner argues that the statute under which he was charged is unconstitutional because Congress had no power to enact it, it violates the rights of the states, and because the "alledged [sic] crimes" did not occur on federal land and did not affect interstate commerce. Motion to Vacate at 4. In response, the government contends that because the statute has been upheld as constitutional, any challenge to it would have been meritless, and counsel cannot be found ineffective for failing to advance meritless challenges. In reply, Petitioner contends that the United States has taken an unfair and hypocritical approach in using the Commerce Clause to establish federal jurisdiction in cases such as his.

Petitioner pleaded guilty to all five counts of the second superseding indictment, all of which charged him with violating 18 U.S.C. § 2251(a). Section 2251(a) criminalizes the sexual exploitation of a minor by producing child pornography with materials made, shipped or transported in, or affecting interstate commerce. All of Petitioner's arguments that § 2251(a) is an unconstitutional exercise of Congress's authority under the Commerce Clause are meritless. Congressional power over interstate commerce "is complete in itself, may be exercised to its utmost extent, and acknowledges no limitations, other than are prescribed by the constitution." United States v. Darby, 312 U.S. 100, 114 (1941) (quoting Gibbons v. Ogden, 22 U.S. 1, 196-97 (1824)). Federal court jurisdiction over the prosecution of child pornography based upon the materials being transported in interstate commerce has been repeatedly upheld. See United States v. McCloud, 590

F.3d 560, 568 (8th Cir. 2009) (rejecting as meritless the argument that § 2251(a) exceeds Congress's authority under the Commerce Clause); United States v. Betcher, 534 F.3d 820, 824 (8th Cir. 2008) (rejecting the argument that 18 U.S.C. § 2251 was unconstitutional, and recognizing that the Eighth Circuit had repeatedly upheld it as constitutional).

In Petitioner's Guilty Plea Agreement (United States v. Greenwell, 4:09-CR-757 CAS, Doc. 115 ("Plea Agmt.")) and during his Change of Plea hearing, all of the foregoing facts comprising the five counts against him, including his production of child pornography using cameras that had traveled in interstate commerce, were clearly set forth. Plea Agmt. at 2-5; H. Tr. at 4-8. Petitioner admitted those facts when he signed the Guilty Plea Agreement, and he admitted them again when questioned by the Court during his Change of Plea hearing. Because the law is well-settled that § 2251(a) is constitutional and Petitioner admitted that he committed the acts comprising the elements thereof, any challenge to the Court's jurisdiction on the bases Petitioner asserts would have been denied as frivolous. Trial counsel cannot be found to be ineffective for failing to make frivolous arguments. See Dodge v. Robinson, 625 F.3d 1014, 1019 (8th Cir. 2010) (where a claim was without merit, counsel's failure to raise it could not constitute ineffective assistance); Thomas v. United States, 951 F.2d 902, 904 (8th Cir. 1991) (per curiam) (counsel's failure to raise meritless issues does not constitute ineffective assistance). Because Petitioner cannot demonstrate that counsel's performance was deficient, this Court need not consider the issue of prejudice. See Strickland, 466 U.S. at 697; Fields, 201 F.3d at 1027. Petitioner's claim in Ground One will be denied.

### 2. Ground Two – Ineffective Assistance of Counsel – Allowing Petitioner to sign a Non-Binding Plea Agreement

In Ground Two, Petitioner claims that Ms. Trog was ineffective for allowing him to sign a "non-binding plea agreement," stating that it was of no benefit to him. Petitioner does not specify how the plea agreement was of no benefit to him, nor does he claim that Ms. Trog coerced him or wrongly advised him in conjunction with his guilty plea.

An accused has the "ultimate authority to make certain fundamental decisions regarding the case." Jones v. Barnes, 463 U.S. 745, 751 (1983). The four fundamental choices that remain with a defendant are the decisions "whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal." Thomas v. United States, 737 F.3d 1202, 1208 (8th Cir. 2013) (quoting Jones, 463 U.S. at 751). In the context of a guilty plea, establishing the prejudice prong of an ineffective assistance claim requires Petitioner to demonstrate a reasonable probability that, but for counsel's errors, he would have decided not to plead guilty and would instead have insisted on going to trial. Wilcox v. Hopkins, 249 F.3d 720, 722 (8th Cir. 2001) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

As set forth above, during Petitioner's Change of Plea hearing, the Court questioned him about his understanding of his guilty plea and the waiver of certain rights. Petitioner testified that he did in fact commit the acts as stated by the prosecuting attorney, he testified that he was pleading guilty because he was in fact guilty of committing the offenses, and he testified that no threats or promises had been made to get him to plead guilty. Petitioner acknowledged that he understood he did not have to plead guilty and could instead proceed to trial, and that pleading guilty meant there would be no trial. Petitioner testified that he had a twelfth-grade education, denied being under the

influence of any drugs, alcohol or medication, and denied that he was suffering from any mental disease or defect. H. Tr. at 2-3, 8-10. "Solemn declarations in open court carry a strong presumption of verity." Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

Also, Petitioner signed the Guilty Plea Agreement, which required him to acknowledge that he was pleading guilty because he was guilty, was waiving his right to a jury trial, was entering the plea voluntarily, that no person, including any agent of the government, had made promises or inducements to get him to plead guilty, that he was fully satisfied with the representation he received from counsel, and that he had voluntarily and of his own free will entered into the plea agreement and was entering a plea of guilty. Plea Agmt. at 14-16. Petitioner does not assert, nor does the record contain, any facts that would permit the conclusion that counsel's performance was deficient in terms of Petitioner's Guilty Plea Agreement. He therefore fails to satisfy the deficient performance prong of the Strickland two-prong test.

Even if Petitioner could establish that counsel's performance was deficient, his claim in Ground Two would fail because he cannot demonstrate that he was prejudiced thereby. Petitioner offers no direct evidence or even allegations that would suggest "a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. at 59. Nor does the Court find it apparent that he would have done so, based upon the evidence before it. The government's evidence against Petitioner was overwhelming and, as noted above, Petitioner's sentences were below his advisory guidelines sentencing range. Petitioner is not entitled to relief on Ground Two.

### 3. Ground Three – Ineffective Assistance of Counsel – Filing Motion for Mental Competency Evaluation and Withdrawing From Representation

In Ground Three, Petitioner claims that counsel was ineffective for moving for a mental competency evaluation, arguing that counsel "used this option to put defendant's case out of sight, out of mind." Motion to Vacate at 7. Petitioner also states that counsel was ineffective for withdrawing from his case while he was undergoing the competency evaluation.

Assistant Federal Public Defender Brian Witherspoon began representing Petitioner on December 14, 2009. On March 23, 2010, Mr. Witherspoon filed, under seal, a Motion for a Mental Competency Examination. In support of that motion, Mr. Witherspoon stated that Petitioner had exhibited delusional thinking regarding significant events and the nature of the charges against him, may be suffering from a mental disease or defect, may have difficulty fully understanding the judicial process and his rights thereunder, and may have difficulty assisting in his defense. The Court granted the motion and, following Petitioner's evaluation and competency hearing, he was found competent to proceed.

On June 15, 2010, Mr. Witherspoon filed a motion to withdraw due to a conflict of interest that arose after Petitioner filed a complaint against him with the Missouri Bar Association. In the motion, Mr. Witherspoon asserted that it was in the best interests of justice to appoint new counsel so that Petitioner would be satisfied that he received effective representation as his case proceeded. On June 23, 2010, Mr. Witherspoon was permitted to withdraw, and Ms. Trog was appointed to represent Petitioner. Petitioner has offered no authority that would permit the conclusion that counsel's performance could be found deficient under these circumstances, and independent research reveals none.

Even if Petitioner could demonstrate that counsel's performance was deficient, his claim in Ground Three would fail because he cannot demonstrate any possible prejudice resulting from either event. There is no evidence before the Court tending to show that Mr. Witherspoon moved for a competency evaluation for any reason other than to protect Petitioner's best interests by ensuring he was mentally competent to proceed in his case, and there is no evidence that the results of the competency evaluation prejudiced Petitioner. There is further no evidence tending to show that Mr. Witherspoon moved to withdraw from Petitioner's case for any reason other than to ensure Petitioner could be satisfied that he would receive effective representation as his case proceeded. Finally, on the same day Mr. Witherspoon was permitted to withdraw, Ms. Trog was appointed to represent Petitioner, leaving no gaps in Petitioner's representation. Petitioner does not allege, nor does review of the record reveal, any evidence that would permit the conclusion that either event prejudiced Petitioner. Because Petitioner cannot establish either prong of the Strickland two-prong test, he is not entitled to relief on Ground Three.

### 4. Ground Four – Ineffective Assistance of Counsel – Allowing Petitioner to be Coerced by the Prosecuting Attorney to Plead Guilty

In Ground Four, Petitioner claims that counsel was ineffective for allowing the prosecuting attorney to coerce him to plead guilty. In support, Petitioner alleges that his attorney failed to object when the prosecuting attorney stated: "if defendent [sic] plead [sic] guilty, we would have no objections to concurrent sentences." (Motion to Vacate at 8). Petitioner does not indicate the timing or the context of the prosecuting attorney's alleged statement.

The record refutes Petitioner's claim that the prosecuting attorney made the statement Petitioner alleges she made. The Guilty Plea Agreement clearly set forth the possible statutory

penalties for each of the five counts charged against Petitioner, and clearly provided that the sentences may be run concurrently or consecutively. Plea Agmt. at 5. At the Change of Plea hearing, the prosecuting attorney clearly stated that the sentences may be run either concurrently or consecutively, as follows:

> The Defendant is charged with five counts of production of child pornography. The range of punishment for each count is from 15 to 30 years, so it is a minimum of 15-year sentence on each count. There's a fine up to $250,000. And a special assessment of $100 per count. In addition, the defendant may be placed on a period of supervised release after his incarceration for a period of five years up to a lifetime term of supervised release. **Your Honor, as far as the sentences, the 15- to 30-year sentence on each count, those can be run concurrently; that is, together, or consecutively, on top of each other**.

H. Tr. at 3-4 (emphasis added).

Accordingly, there was no basis for any objection from Petitioner's counsel, and Petitioner fails to show how counsel's failure to make a baseless objection was objectively unreasonable. See Flieger v. Delo, 16 F.3d 878, 887 (8th Cir. 1994) (petitioner failed to show how counsel's failure to make baseless objections was objectively unreasonable, and his ineffective assistance of counsel claim failed); see also Gray v. Bowersox, 281 F.3d 749, 756 n.3 (8th Cir. 2002) (a claim of ineffective assistance of counsel is not viable where the objection and argument counsel failed to present would have been meritless).

In further support of his claim in Ground Four, Petitioner states that his attorney should not have allowed him to sign a "non-binding plea," and should have told him the Court did "not have to follow a verbal recommendation from the [prosecuting attorney]." Motion to Vacate at 8. In addition, in a document titled "Affidavit in Support of § 2255, Ground Four," Petitioner describes statements allegedly made to him by Ms. Trog which Petitioner allegedly took to mean that if he

pleaded guilty he would receive concurrent sentences as stated by the prosecuting attorney. Pet's Affidavit, Doc. 11.[3]

There was no basis for counsel to advise Petitioner to "not sign a non-binding plea." Motion to Vacate at 8. The Guilty Plea Agreement Petitioner signed contained no assurances that Petitioner would receive concurrent sentences if he plead guilty. There was further no basis for counsel to tell Petitioner that the Court was not bound by the prosecutor's "verbal recommendation." Id. Not only does the record fail to show that the prosecutor made a verbal (or written) recommendation of concurrent sentences, it shows that she specified, on two occasions, that the sentences could run either concurrently or consecutively. The unsworn "Affidavit" Petitioner filed in support of Ground Four contains nothing more than self-serving statements that are directly refuted by the record, and can establish no basis for relief. See Apfel, 97 F.3d at 1077 (statements which are self-serving and unsupported by evidence do not establish a basis for relief under § 2255).

Also compelling is that, in the Guilty Plea Agreement and during the Change of Plea hearing, Petitioner stated that no one had made any threats or promises to get him to plead guilty, and that he was pleading guilty of his own free will because he was in fact guilty. "Solemn declarations in open court carry a strong presumption of verity." Smith, 921 F.2d at 157 (quoting Blackledge, 431 U.S. at 74). There is no factual support for the conclusion that the prosecuting attorney, or Petitioner's counsel, took any action which could be construed as coercing or misleading him into pleading guilty

---

[3]Although this document is titled as an affidavit, it bears no indication that it was sworn to before someone who is authorized to administer an oath, or made under penalty of perjury. See 28 U.S.C. § 1746. As a result, it contains nothing tending to verify that Ms. Trog actually made the alleged statements, and the Court does not consider it as evidence in this matter. See Elder-Keep v. Aksamit, 460 F.3d 979, 984 (8th Cir. 2006).

in order to receive concurrent sentences. For his claim in Ground Four, Petitioner does not present, nor does review of the record reveal, any other basis for how counsel's performance could be found objectively unreasonable. He therefore fails to establish the deficient performance prong of the Strickland two-prong test.

Even if Petitioner could demonstrate that counsel's performance was deficient, his claim in Ground Four would fail because he cannot establish that he was prejudiced thereby. Petitioner offers no direct evidence tending to show "a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. at 59. Nor does the Court find it apparent that he would have done so, based upon the evidence before it. The government's evidence against Petitioner was overwhelming and, as noted above, the sentences Petitioner ultimately received, while consecutive, were below his advisory guidelines sentencing range. Petitioner is not entitled to relief on Ground Four.

**Conclusion**

For the foregoing reasons, the Court concludes that Petitioner Jeffrey Greenwell's Motion to Vacate can be determined based on the motion, files and records in the case, which conclusively show that each of the grounds raised therein is without merit, and should be dismissed without an evidentiary hearing.

The instant motion is subject to the Antiterrorism and Effective Death Penalty Act's requirement that Petitioner must obtain a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(B). The Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right, such that reasonable jurists would find the Court's assessment of the constitutional claims debatable, or that the issues presented were adequate to deserve encouragement to proceed further,

and therefore this Court will not issue a certificate of appealability on those claims. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Jeffrey Greenwell's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 is **DENIED**. [Doc. 1].

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability as to any of the claims raised in Petitioner Jeffrey Greenwell's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255.

An order of dismissal will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 2nd day of August, 2016.